No. 2729.—A. JOHNSON, wife of Wm. M. Johnson, v. THOMAS K. STEVENS.

A claim for stock with its increase founded on a donation or gift by the father to his daughter, can not be enforced, when the evidence shows that the property never passed into the possession of the donee, and that the donor had revoked the donation on the ground of disobedience of his daughter in contracting a marriage.

APPEAL from Sixth Judicial District, parish of Livingston. *Ellis*, J. *Duncan & Davidson*, for plaintiff and appellee. *T. & J. Ellis*, for defendant and appellant.

TALIAFERRO, J. The plaintiff, who is the daughter of the defendant, sues him to recover certain personal property or its value, which she estimates at $1740. This property, she alleges, consisted, at the time of her marriage in 1853, of thirty-four head of horned cattle, cows and heifers, and a mare of the value of one hundred dollars; that the defendant has had the benefit of the increase, since that time, of the cattle, which she avers is worth fully one hundred dollars per year.

The defendant denies all the allegations of the plaintiff, and claims in reconvention a sum much larger than that demanded by the plaintiff. The case went before a jury, which rendered a verdict in favor of the plaintiff for twenty-one head of cattle, or in default thereof, the sum of $252.

From the judgment of the court rendered thereupon the defendant appeals. The plaintiff asks of this court an amendment of the judgment, decreeing in her favor the whole amount she claims. Many witnesses testified in the case, and among them the plaintiff and defendant. The ungrateful task of examining this record, which portrays the sad spectacle of father and child contending against each other in the courts of the country, has not enabled us to concur with the jury in their conclusion as to the rights of the parties. The evidence shows that, when the plaintiff was two years old, her uncle gave her a heifer. The plaintiff swears that the cattle she claims were the increase of that heifer. The defendant swears that the heifer died when three years' old, and that she had no increase. Various witnesses testified that certain cattle in possession of the defendant were known and spoken of as belonging to the plaintiff, and that they had a different mark from those of the defendant; also, that a certain mare in defendant's possession was called the property of the plaintiff. None of these witnesses knew that the cattle bearing the mark assigned to the

A. Johnson, Wife of Wm. H. Johnson, v. Stevens.

plaintiff were the increase of the heifer given to her when she was only two years old; and the plaintiff herself could have no distinct remembrance on the subject. The testimony of the father is not in any manner impugned. He states that the heifer died without increase; that the plaintiff is his sole surviving child; his other children having died when small; that to gratify his daughter in her childhood, he permitted certain cattle among his stock to be called hers, and also the mare in question, at that time a colt; that he placed a different mark on the cattle thus called his daughter's; but that they had the same brand with those of his own; that it was his purpose to give these cattle to his daughter; but that she was disobedient, and left his house to contract a marriage which he was opposed to; that he then determined not to give her the stock she claimed; that she was divorced from her first husband, and that he raised from infancy her child by her first marriage, and that he gave the stock originally intended for his daughter to his grandson. The testimony of the grandson corroborates in several particulars the testimony of the grandfather. This witness was engaged in attending the stock on the place, hired until he became of age, with his grandfather; states that there were no cattle there within his recollection belonging to his mother; that all the cattle had the same brand; that a different mark was placed on those intended for him.

It is not shown that any of this property claimed by the plaintiff was ever in her possession. The intended donation was never perfected. We think the weight of the testimony preponderates on the side of the defendant, and that he should have judgment in his favor.

The reconventional demand set up by the defendant was not passed on in the lower court; is not insisted upon in this court, and we infer that it was made with the view chiefly to show the obligations the plaintiff is under to the defendant.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the claim set up by the defendant be rejected, but in other respects that he have judgment in his favor, the plaintiff and appellee paying costs in both courts.